Dear Judge Fleming:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub, which has been assigned to me for resolution. Your request prompts review of the Dual Officeholding and Dual Employment laws of this state, LSA-R.S.42:61, et. seq., as you ask:
 May a mayor, city councilman, police juror, parish councilman, or parish president concurrently serve as a jury commissioner?
The Dual Officeholding and Dual Employment laws cited above govern the legality of the concurrent holding of certain positions. These prohibitions are specified in the language of LSA-R.S. 42:63(D), which provides, in pertinent part:
 "No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. . . ." (Emphasis added).
There is a prohibition against holding local elective office and full-time appointive office in a political subdivision. The law allows an individual to hold local elective office and a part-time appointive office in a political subdivision.
"Appointive office" is defined as:
 ". . . any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof." LSA-R.S. 42:62(2).
"Full time" is defined as at least seven hours per day of work and at least thirty-five hours per week of work. LSA-R.S.42:62(4). "Part time" means less than the number of hours of work defined as full time. LSA-R.S. 42:62(5).
A member of the jury commission holds an "appointive office" as defined in LSA-R.S. 42:62(2). The position is created pursuant to LSA-C.Cr.P. Art. 404 and members are appointed by the district court:
 ". . . In other parishes, the jury commission shall consist of the clerk of court or a deputy clerk designated by him in writing to act in his stead in all matters affecting the jury commission, and four other persons appointed by written order of the district court, who shall serve at the court's pleasure." LSA-C.Cr.P. Art. 404(A)(2).
Based on the foregoing definitions, we conclude that an individual who holds local elective office (i.e., mayor, city councilman, police juror, parish councilman, or parish president) may concurrently hold another local appointive office within a political subdivision, such as the position of jury commissioner, provided that the appointive office is part-time. Please find enclosed copies of Attorney General Opinion Numbers 92-401, 92-304 and 87-241 which adhere to this conclusion.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0235E